FILED - GR
June 10, 2024 1:09 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: JW / 6-10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN,

    Petitioner,

-vs-

PAUL DONALD, forensic biologist
with the Michigan State Police
Laboratory;
PATRICIA T. CERESA, Asst. Prosecutor
with the Berrien County Prosecutor's
Office;
CAROL MORNINGSTAR, Probation Officer
with the Berrien County Probation
Department; and
JAMES MERRIMAN, Detective with the
Niles Police Department.

    Deponents.

Civil Action No.

1:24-mc-61
Phillip J. Green
U.S. Magistrate Judge

Samuel E. Calhoun, No. 379175
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

## PETITION TO PERPETUATE TESTIMONY

Petitioner, Samuel Calhoun, In pro se, for this petition states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Petitioner Samuel Calhoun is presently confined at Muskegon Correctional Facility, located at 2400 S. Sheridan Drive in Muskegon, Michigan 49442. (Muskegon County).

Deponebts:

2. Paul Donald, is a forensic biologist with the Michigan State Police Laboratory, located at P.O. Box 30634 in Lansing, Michigan 48909.

3. Patricia T. Ceresa (P40251), is an Assistant Prosecutor with the Berrien County Prosecutor's Office, at 1205 North Front St. in Niles, Michigan 49120.

4. Carol Morningstar (Badge No. 3336), is a Probation Officer with the Berrien County Probation Department, located at 811 Port Street in St. Joseph, Michigan 49085.

5. James Merriman, is a detective with the Niles Police Department, located at 333 N. 2nd Street in Niles, MI 49120.

6. This action arises under and is brought pursuant to Federal Rules of Civil Procedure, Rule 27(c) and asks for this Court to issue an order authorizing the petitioner to require the named persons to preserve documentary evidence in order to perpetuate their existence. This Court has jurisdiction over this action pursuant to Fed. Rules Civ. P., Rule 27.

7. Petitioner, Samuel Calhoun, anticipates filing a federal civil rights lawsuit alleging violations of federal and state laws against all the individuals involved in connection with his detention, arrest, prosecution, and conviction for the 2001 first-degree criminal sexual conduct (CSCI) charge under file no. 01-410703-FC, but is presently unable to bring the action.

8. It has come to the Petitioner's attention by a former employee with the Berrien County Prosecutor's Office that the prosecutor's file regarding his case contained exculpatory documents that were not disclosed

2.

to the defense in the form of: (1) a forensic DNA report from the Michigan State Police Lab (MSPL), which test results were inconclusive; and (2) a Child Protective Service (CPS) report from the State of Indiana" wherein the 15 year old alleged victim named a different individual as the person who impregnated her during the date and time in question that belie the argument at trial, where with bare-bone assertions alone she argued before the jury that the DNA evidence in the case would prove that the then 34 year old Petitioner was the biological father of the alleged victim's new born infant and that the jury could convict based upon her testimony alone.

9. In addition, Petitioner was also informed about the existence of potential e-mails between Prosecutor Ceresa, forensic biologist Donald, forensic statistician Scarpetta and Morningstar pertaining to the inconclusive DNA test results.

10. The preservation of these e-mails are crucial as they can be used to corroborate the Petitioner's claims in a lawsuit and expose the purpose behind the prosecutor's intentional withholding of exculpatory evidence giving insight into why the prosecutor elected not to enter any DNA test results into evidence at all, if not only for purpose of supporting the source from which statistician Scarpetta's Paternity Index Calculations report was alleged to had been created. Given the fact that it was the DNA evidence that fixed the scope of the prosecutor's entire case.

11. It is incumbent upon the Petitioner to preserve this documentary evidence, where there is a danger of the evidence being lost due to the

3.

documents and/or the electronically stored information being destroyed by the State. Which could then have the potential effect of preventing him from filing a federal civil rights lawsuit in this Court. On the otherhand. Without this documentary evidence Petitioner would not be able to present a non-frivolous, arguable legal claim that could potentially establish his actual innocence with regard to the CSCI conviction in a federal civil-rights claim.

**WHEREFORE,** Petitioner respectfully prays that this Court issue its Order authorizing him to require the named persons to preserve documentary evidence and all electronically stored communications pertaining to Berrien County File Nos. 01-410702-FC and 01-410703-FC in order to perpetuate their existence pursuant to Fed. Rule. Civ. P. 27 in anticipation of litigation.

Respectfully submitted,

*/s/ Samuel E. Calhoun*
Samuel E. Calhoun, No. 379175

Muskegon Correctioanl Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

Dated: June 05, 2024

Pursuant to U.S.C. § 1746; 18 U.S.C. § 1621. I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 5th, day of June 2024.

*/s/ Samuel E. Calhoun*
Samuel E. Calhoun, No. 379175

4.

Samuel E. Calhoun, No. 379175
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI  49442



GRAND RAPIDS MI 493

6 JUN 2024 PM 6

US POSTAGE IMI PITNEY BOWES

ZIP 49442
02 4W  $ 000.64⁰
0000386200 JUN 05 2024

\* \*  CONFIDENTIAL   LEGAL   CORRESPONDENCE

UNITED STATES DISTRICT COURT
399 Federal Bldg.
110 Michigan N.W.
Grand Rapids, MI    49503

49503-230099